Curia, per Dunkin, Ch.
In affirming the decree of the Chancellor, the court would only add to the authorities cited, the case of Whilden vs. Whilden, Riley’s Ch. Cases, 205. The testator bequeathed to his wife, one thousand dollars, as soon as the money could be collected. He then directed the whole of his estate, real and personal, to be sold, and the money laid out in bank stock, for the support of his children, until his youngest child should come of age, (fee. and then the money to be equally divided among all his children. It was argued that the widow must elect between the legacy and the claim of dower.
Chancellor DeSaussure says, ‘‘dower is a provision made by law, for the support of the widow. A legacy is a provision made by affection for the better support of the wife. As the right of dower is a clear legal right, an intent to exclude that right, must be demonstrated by express words, or by clear and manifest implication, and in order to exclude that right, the instrument must contain some provision inconsistent with the right to demand dower.” After reviewing the authorities, the Chancellor decided that the widow was entitled both to her dower and the legacy.
The appeal court held that the conclusion of the Chancellor was amply sustained by the authorities cited.
The decree of the circuit court is affirmed, and the qp-, peal dismissed,
Johnson and Harper, Chancellors, concurred,
Johnston, Ch. absent from indisposition,